## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Joe Perugia, individually and on behalf of all
others similarly situated,

<table>
<tr><td>Plaintiff,</td><td>5:23-cv-69 (MAD/TWD)</td></tr>
<tr><td>- against -</td><td>Class Action Complaint</td></tr>
<tr><td>Mondelēz Global LLC,</td><td></td></tr>
<tr><td>Defendant</td><td>Jury Trial Demanded</td></tr>
</table>

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1.     Mondelēz Global LLC ("Defendant") manufactures and sells sugar free honey lemon flavored lozenges under the Halls brand  ("Product").



## I.   DURATION OF ACTION CLAIMS

2.   The Product is labeled as a cough suppressant and oral anesthetic based on its active ingredient of menthol, promising to "Relieve[s] Coughs and Soothe[s] Sore Throats."

3.   Though menthol is absorbed through mucous membranes, it is not curative, and its effects, such as depressing the nerves for pain, are short-lived.

4.   When used as an active ingredient in an over-the-counter ("OTC") cough suppressant and oral anesthetic, identical federal and state regulations require qualifying the promised relief as "Temporary" so purchasers are not under a mistaken belief as to its efficacy and duration of action.

5.   Though this information is required to be disclosed on the front label, only the small print "Uses" on the back label Drug Facts indicates the Product only "temporarily relieves: ▪ cough due to a cold [and] ▪ occasional minor irritation or sore throat."





## II.   SOOTHING CLAIMS

6.   The representation that the Product "Soothes Sore Throats" is false and misleading for multiple reasons.

7.   First, consumers reading "Relieves Coughs and Soothes Sore Throats" may believe

the Product's antitussive effects are due to soothing the irritated throat and bronchial passages, which is false.

8.     Menthol's effects relate to diminishing the sensitivity of cough receptors lining the throat and respiratory passages as opposed to any direct soothing action.

9.     Second, the term "soothing" has not been scientifically demonstrated to have an antitussive effect, in part because it is unclear what such properties would be.

10.     Third, the Food and Drug Administration ("FDA") concluded that "soothing" claims relate to a product's characteristics, such as its texture or taste, instead of how an oral healthcare OTC product functions, which is why it recommended the labeling make this clear to consumers, i.e., "A *** drug product formulated in a soothing sugar base."

11.     Since the Product is sugar free, even the proposed modified soothing claim would not apply.

12.     Fourth, to the extent "Soothes Sore Throat" purports to indicate the presence of a demulcent ingredient, defined as a bland, inert agent that soothes and relieves irritation of inflamed or abraded surfaces such as mucous membranes, the Product lacks approved demulcent ingredients, such as elm bark, gelatin, glycerin, and pectin.



**Inactive ingredients** beta carotene, eucalyptus oil, flavors, isomalt, soy lecithin, sucralose, water

## III.   HONEY AND LEMON CLAIMS

13.     Consumers viewing the statement of "Honey Lemon Flavor" next to a honeycomb and wedge of lemon will expect a non-de minimis amount of honey and lemon ingredients.

14.     However, the ingredient list fails to indicate any real honey or lemon.

15.    Though the ingredient identified as "flavors" may contain a de minimis amount of honey and/or lemon, this would be in addition to numerous other compounds designed in a laboratory.

16.    Upon information and belief, "flavors" consists of natural and artificial flavors, because unlike for foods, OTC labeling has historically been less concerned with disclosing the flavor source than about making sure the active ingredients and indications are accurate.

17.    Other companies disclose the flavor source in their honey lemon menthol lozenges by the terms "natural and artificial flavor" or something similar.

18.    No competitor companies make honey lemon menthol lozenges without artificial flavor because the cost would be prohibitive relative to the product's price, among other reasons.

19.    Other companies recognize that consumers generally avoid and dislike artificial flavors, and at least provide transparency.

20.    The Product adds yellow coloring via beta carotene to make the lozenges seem like they contain presumably more honey and lemon, because without this, they would not have a golden yellow hue, reflective of the color of honey and lemon.

## IV.   CONCLUSION

21.    As a result of the false and misleading representations, the Product is sold at a premium price, $3.99 for 25 lozenges, excluding tax and sales.

<u>Jurisdiction and Venue</u>

22.    Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

23.    The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

24.     Plaintiff is a citizen of New York.

25.     Defendant is a limited liability company whose sole member is citizen of Virginia and New Jersey.

26.     The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

27.     The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here from grocery stores, drug stores, convenience stores, warehouse club stores, big box stores, and online, in the States Plaintiff seeks to represent.

28.     Venue is in this District because Plaintiff resides in Onondaga County, which is where a substantial part of the events and omissions giving rise to these claims occurred, including his purchase and use of the Product and awareness the labeling was false and misleading.

<u>Parties</u>

29.     Plaintiff Joe Perugia is a citizen of Syracuse, Onondaga County, New York.

30.     Defendant Mondelēz Global LLC is a Delaware limited liability company with a principal place of business in East Hanover, New Jersey, Morris County.

31.     Defendant's sole member is Mondelēz International, Inc., a Virginia corporation with a principal place of business in New Jersey.

32.     Plaintiff purchased the Product at stores including but not necessarily limited to Walgreens, 2329 James St, Syracuse, New York 13206 between January 2021 and January 2023, and/or among other times, at or around the above-referenced price.

33.     Plaintiff read "Relieves Coughs and Soothes Sore Throats" on the Product and thought the absence of any qualifying terms such as "Temporary" meant it was stronger and more

effective than other brands, which were more circumspect and qualified their front label claims related to providing relief to coughs and sore throats.

34.    Plaintiff was misled by the soothing claims to expect the Product contained ingredients capable of this effect beyond the limited manner menthol could provide.

35.    Plaintiff expected a non-de minimis amount of honey and/or lemon because honey lemon flavor was accompanied by a picture of a honeycomb and lemon wedge.

36.    Plaintiff paid more for the Product than he would have had he known the representations and omissions were false and misleading, or would not have purchased it.

37.    The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

Class Allegations

38.    Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of South Dakota, Wyoming, Idaho, Alaska, Iowa, Mississippi, Arkansas, South Carolina and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

39.    Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

40.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

41.    Plaintiff is an adequate representative because his interests do not conflict with other

members.

42.    No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

43.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

44.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### New York General Business Law ("GBL") §§ 349 and 350

45.    Plaintiff incorporates by reference all preceding paragraphs.

46.    Plaintiff expected the Product was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon.

47.    Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

48.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

49.    The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

50.    Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

### Breaches of Express Warranty,

Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

51.     The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon.

52.     Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

53.     Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet their needs and desires, which was a lozenge with a longer duration of action, which soothed a sore throat, and contained a non-de minimis amount of honey and/or lemon.

54.     The representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon.

55.     Defendant's representations affirmed and promised that the Product was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon.

56.     Defendant described the Product so Plaintiff believed it was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon, which became part of the basis of the bargain that it would conform to its affirmations and promises.

57.     Defendant had a duty to disclose and/or provide non-deceptive promises, descriptions and marketing of the Product.

58.     This duty is based on Defendant's outsized role in the market for this type of product,

the seller of market leader Halls lozenges.

59.    Plaintiff recently became aware of Defendant's breach of the Product's warranties.

60.    Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

61.    Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main offices and through online forums.

62.    The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

63.    The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon.

64.    The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because he expected that it was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon, and he relied on its skill and judgment to select or furnish such a suitable product.

<u>Fraud</u>

65.    Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was more effective than it was, was soothing, and contained a non-de minimis amount of honey and/or lemon.

66.    Defendant's actions evince an awareness of competitor's labeling, which properly

qualified their front label claims for cough and throat relief.

Unjust Enrichment

67.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1.  Certifying Plaintiff as representative and the undersigned as counsel for the classes;

2.  Awarding monetary, statutory and/or punitive damages and interest;

3.  Awarding costs and expenses, including reasonable attorney and expert fees; and

4.  Other and further relief as the Court deems just and proper.

Dated:   January 20, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com