UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joe Perugia, individually and on behalf of all others similarly situated, | Case No. 5:23-cv-69 (MAD/TWD) |
| Plaintiff, | |
| -against- | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** |
| Mondelēz Global, LLC., | |
| Defendant. | |

## TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ................................................................................................... 6

II.     BACKGROUND .................................................................................................... 7

III.    LEGAL STANDARD ............................................................................................ 8

IV.     ARGUMENT ......................................................................................................... 9

        A.      Plaintiff Lacks Article III Standing as He Cannot Show Injury-In-Fact. ........... 9

        B.      Plaintiff's State Law Claims are Preempted by Federal Law. .......................... 12

        C.      Plaintiff's Claims Fail Under the Reasonable Consumer Standard. ................ 14

        D.      Plaintiff's Warranty Claim Also Fails. ............................................................. 18

        E.      Plaintiff's Claims Should be Dismissed With Prejudice. ................................. 19

V.      CONCLUSION .................................................................................................... 20

162996104.3

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................,

*Axon v. Fla.'s Nat. Growers, Inc.*,
    813 F. App'x 701 (2d Cir. 2020) ................................................................................

*Barreto v. Westbrae Nat., Inc.*,
    518 F. Supp. 3d 795 (S.D.N.Y. 2021).......................................................................,

*Bautista v. CytoSport, Inc.*,
    223 F. Supp. 3d 182 (S.D.N.Y. 2016).........................................................................

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................

*Bloomberg Fin. L.P. v. UBS AG*,
    358 F. Supp. 3d 261 (S.D.N.Y. 2018).........................................................................

*Boswell v. Bimbo Bakeries USA, Inc.*,
    570 F. Supp. 3d 89 (S.D.N.Y. 2021)...........................................................................

*Bowling v. Johnson & Johnson*,
    65 F. Supp. 3d 371 (S.D.N.Y. 2014)...........................................................................

*Brady v. Bayer Corp.*,
    26 Cal. App. 5th 1156 (2018) .....................................................................................

*Broder v. Cablevision Sys. Corp.*,
    418 F.3d 187 (2d Cir. 2005)........................................................................................

*Brownell v. Starbucks Coffee Co.*,
    No. 5:22-CV-1199, 2023 WL 4489494 (N.D.N.Y. July 12, 2023) ............................

*Bynum v. Fam. Dollar Stores, Inc.*,
    592 F. Supp. 3d 304 (S.D.N.Y. 2022).........................................................................

*Chufen Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020)........................................................................................

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)....................................................................................................

*Colpitts v. Blue Diamond Growers*,
   527 F. Supp. 3d 562 (S.D.N.Y. 2021)........................................................................

*Conboy v. AT&T Corp.*,
   241 F.3d 242 (2d Cir. 2001)....................................................................................

*DiFolco v. MSNBC Cable LLC*,
   622 F.3d 104 (2d Cir. 2010)....................................................................................

*Estrada v. Johnson & Johnson*,
   No. 16-7492 (D.N.J. Jul. 14, 2017) 2017 WL 2999026 ............................................

*Excevarria v. Dr Pepper Snapple Grp., Inc.*,
   764 F. App'x 108 (2d Cir. 2019) ..............................................................................

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)....................................................................................

*Geffner v. Coca-Cola Co.*,
   928 F. 3d 198 (2d Cir. 2019)....................................................................................

*George v. Starbucks Corp.*,
   857 F. App'x 705 (2d Cir. 2021) ..............................................................................

*Greco v. TikTok, Inc.*,
   No. 5:22-cv-916, 2023 WL 3092861 (N.D.N.Y. Apr. 26, 2023) ...............................

*Haggerty v. Bluetriton Brands, Inc.*,
   No. 21-13904, 2022 WL 17733677 (D.N.J. Dec. 16, 2022).......................................

*Harris v. McDonald's Corp.*,
   No. 20-cv-06533, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021) ..............................

*Hawkins v. Coca-Cola Co.*,
   No. 21-CV-8788, 2023 WL 1821944 (S.D.N.Y. Feb. 7, 2023)...................................

*Henry v. Campbell Soup Co.*,
   No. 22-CV-431, 2023 WL 2734778 (E.D.N.Y. Mar. 31, 2023)...................................

*In re: Coca-Cola Prods. Mktg. and Sales Pracs. Litig. (No. II)*,
   No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021) ......................................

*In re FDCPA Mailing Vendor Cases*,
   551 F. Supp. 3d 57 (E.D.N.Y. 2021) ........................................................................

*In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*,
   No. 1:21-cv-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022) ...............................,

*In re Plum Baby Food Litig.*,
   No. 1:21-cv-02417, 2022 WL 16552786 (D.N.J. Oct. 31, 2022) ...............................................

*Jessani v. Monini N. Am., Inc.*,
   744 F. App'x 18 (2d Cir. 2018) .....................................................................................

*Kommer v. Bayer Consumer Health*,
   252 F. Supp. 3d 304 (S.D.N.Y. 2017)...................................................................................,

*Kommer v. Bayer Consumer Health, A Div. of Bayer AG*,
   710 F. App'x 43 (2d Cir. 2018) .....................................................................................

*Lassen v. Nissan N. Am., Inc.*,
   211 F. Supp. 3d 1267 (C.D. Cal. 2016) ...................................................................................

*Lleshi v. Kerry*,
   127 F. Supp. 3d 196 (S.D.N.Y. 2015).....................................................................................

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)..................................................................................................

*Lumbra v. Suja Life, LLC*,
   No. 1:22-CV-893, 2023 WL 3687425 (N.D.N.Y. May 26, 2023)...........................................

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000)..........................................................................................

*Manual v. Pepsi-Cola Co.*,
   763 F. App'x 108 (2d Cir. 2019) ...................................................................................

*Matthews v. Polar Corp*,
   No. 1:22-cv-00649 (N.D. Ill. Apr. 14, 2023)...........................................................................

*Maurizio v. Goldsmith*,
   230 F.3d 518 (2d Cir. 2000)..........................................................................................

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)..........................................................................................

*Melendez v. ONE Brands, LLC*,
   No. 18-CV-06650, 2020 WL 1283793 (E.D.N.Y. Mar. 16, 2020)...........................................

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010)..................................................................................................

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,85
   N.Y.2d 20 (1995) ....................................................................................................

*PDK Labs Inc. v. Friedlander*,
    103 F.3d 1105 (2d Cir. 1997).............................................................................................

*Pichardo v. Only What You Need, Inc.*,
    No. 20-CV-493, 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020)....................................

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
    No. 18-CV-2250, 2019 WL 3409883 (E.D.N.Y. July 26, 2019)...................................

*Rodriguez v. Cheesecake Factory, Inc.*,
    No. 16-CV-2006, 2017 WL 6541439 (E.D.N.Y. Aug. 11, 2017)..................................

*Sabatano v. Iovate Health Scis. U.S.A. Inc.*,
    No. 19CV8924, 2020 WL 3415252 (S.D.N.Y. June 22, 2020)....................................

*Sarr v. BEF Foods, Inc.*,
    No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ....................................

*Solak v. Hain Celestial Grp., Inc.*,
    No. 3:17-CV-0704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018)..............................

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016), *as revised* (May 24, 2016)..........................................................

*Steele v. Wegmans Food Mkts., Inc.*,
    472 F. Supp. 3d 47 (S.D.N.Y. 2020)...........................................................................

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)................................................................................................

*Twohig v. Shop-Rite Supermkts., Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021)..................................................................., ,

*Valiente v. Publix Super Mkts., Inc.*,
    No. 22-22930, 2023 WL 3620538 (S.D. Fla. May 24, 2023).....................................

*Wallace v. Wise Foods Inc.*,
    No. 20-CV-6831, 2021 WL 3163599 (S.D.N.Y. July 26, 2021)..................................

*Warren v. Whole Foods Mkt. Grp., Inc.*,
    574 F. Supp. 3d 102 (E.D.N.Y. 2021) ...................................................................,

*Weinstein v. eBay, Inc.*,
    819 F. Supp. 2d 219 (S.D.N.Y. 2011).....................................................................,

*Wynn v. Topco Assocs., LLC*,
    No. 19-CV-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ................................

162996104.3

*Yu v. Dreyer's Grand Ice Cream, Inc.*,
    592 F. Supp. 3d 146 (S.D.N.Y. 2022) ................................................................................

*Zevon v. Am. Express Co.*,
    No. 1:20-cv-4938, 2021 WL 4330578 (S.D.N.Y. Sept. 22, 2021) ...............................

**STATUTES**

21 U.S.C. § 379r(a) ............................................................................................................,

Federal Food, Drug, and Cosmetic Act ("FDCA") ...................................................., ,

N.Y. U.C.C. Law § 2-607(3)(a) ..........................................................................................

New York General Business Law §§ 349 and 350 ........................................................., ,

**RULES**

Fed. R. Civ. P. 11(b)(2) .....................................................................................................

Fed. R. Civ. P. 12(b)(1) .....................................................................................................

Fed. R. Civ. P. 12(b)(6) ....................................................................................................,

**REGULATIONS**

21 C.F.R. § 101.22(i)(1)(i)-(iii) .........................................................................................

21 C.F.R. § 201 Subpart C ................................................................................................,

21 C.F.R. § 201.60 .............................................................................................................

21 C.F.R. § 201.61 .............................................................................................................

21 C.F.R. § 201.62 .............................................................................................................

21 C.F.R. § 201.66(c)(4) ....................................................................................................

21 C.F.R. § 341.14(b)(2) ....................................................................................................

21 C.F.R. § 341.74(b) ........................................................................................................

21 C.F.R. § 341.74(b)(1)–(3) ............................................................................................,

21 C.F.R. § 346.16(c) .........................................................................................................

**OTHER AUTHORITIES**

https://www.walgreens.com/store/c/ricola-max-honey-lemon,-
family/ID=300434007-product .................................................................................................

## I.     HTTPS://WWW.WALMART.COM/IP/OLBAS-SUGAR-FREE-LOZENGES/26968701     INTRODUCTION

This case is one of dozens of putative class actions brought by the same attorney alleging that a product label is misleading based on unreasonable interpretations of the label's text or imagery. The product targeted this time is Halls brand Sugar Free Cough Drops in Honey Lemon flavor (the "Cough Drops") sold by Defendant Mondelēz Global, LLC ("Mondelēz").

Plaintiff's basic contention is that the phrase "Relieves Coughs & Soothes Sore Throats" on the Cough Drops' front label is misleading because the Cough Drops do not permanently cure sore throats, but instead provide temporary relief. Plaintiff's theory of injury and deception is fundamentally flawed and should be dismissed.

*First*, Plaintiff lacks Article III standing because he does not plausibly allege that he suffered an injury in fact. Rather, Plaintiff's conclusory allegation of economic loss is based on a hypothetical: that the Cough Drops *may* not be as effective at relieving coughs or soothing sore throats as Plaintiff apparently believed. Entirely absent from the Complaint are any allegations that the Cough Drops were *actually* ineffective in Plaintiff's own experience. Plaintiff's speculative allegations are insufficient to support Article III standing.

*Second*, Plaintiff's claim that the phrase "Relieves Coughs & Soothes Sore Throats" is misleading because it is not preceded by the modifier "Temporarily" is preempted by the federal labeling regulations promulgated by the U.S. Food and Drug Administration ("FDA"). FDA regulations do not require a "Temporarily" modifier to appear on the front label of over-the-counter ("OTC") drugs, and any attempt to establish a "requirement" for labeling that is not identical to the requirements set forth in the Federal Food, Drug, and Cosmetic Act ("FDCA") is expressly preempted. *See* 21 U.S.C. § 379r(a).

*Third*, no reasonable consumer would interpret the Cough Drops' label as a claim that the lozenges provide permanent cough relief, or that they are stronger or more effective than other products. Such an interpretation is particularly unreasonable given that the rear side of the Cough Drops' label explicitly states that the lozenges "*temporarily* relieve[] cough."

For these reasons, the Court should dismiss the Complaint with prejudice in its entirety.

## II.   BACKGROUND

The Cough Drops are lozenges designed to relieve coughs and minor sore throats. Compl. ¶¶ 1, 5. Accordingly, the Cough Drops' label states "Relieves Coughs & Soothes Sore Throats[.]" *Id.* ¶ 1. In addition, the front label states that the Cough Drops are a "Cough Suppressant/Oral Anesthetic" and identifies the active ingredient, menthol. *Id.*

 

*Image 1 - 2*[1]

---

[1] *See* concurrently filed Request for Judicial Notice, Ex. A, for high resolution images of the front and back label.

162996104.3

The back label sets forth instructions for use, directing consumers to dissolve one Cough Drop in the mouth and "[r]epeat every 2 hours as needed." *Id.* ¶ 5. The back label also clarifies the Cough Drops' intended uses and lists all ingredients, active and inactive. *Id.*

Plaintiff now alleges that he was tricked into buying the Cough Drops because the "Relieves Coughs" statement on the front label was not modified by the word "Temporarily," even though common sense dictates that no OTC cough drops can provide permanent cough relief, and the Uses section of the label explicitly states that the Cough Drops "temporarily relieve[]" coughs and sore throats. *Id.* ¶¶ 2–5, 33. Plaintiff further alleges that all other cough drop brands "universally" state on their front label that they only provide temporary cough relief. *Id.* ¶ 9. Based on these allegations, Plaintiff asserts claims, on behalf of a putative class of New York Cough Drops' purchasers, under New York General Business Law ("GBL") §§ 349 and 350 and for breach of express warranty. *Id.* ¶¶ 28, 35–50. Plaintiff further seeks "monetary, statutory and/or punitive damages," costs, and expenses, including "attorney and expert fees." *Id.* at 13.

## III.    LEGAL STANDARD

Plaintiff bears the burden to state a claim for relief, which requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 12(b)(6). In considering whether a complaint satisfies this standard, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 187–88 (S.D.N.Y. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 188 (quoting *Iqbal*, 556 U.S. at 679). "Where the well-pleaded facts do not permit the court to infer more than the

---

*See also DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that courts may consider, on motion to dismiss under Rule 12(b)(6), documents integral to the complaint, where those documents are relevant and there is no dispute as to their accuracy or authenticity).

mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (cleaned up) (quoting *Iqbal*, 556 U.S. at 679).

A motion under Rule 12(b)(1) "challenges the Court's subject matter jurisdiction to hear the case." *Lleshi v. Kerry*, 127 F. Supp. 3d 196, 199 (S.D.N.Y. 2015). A plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "One element of the case-or-controversy requirement is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citation omitted). Specifically, a plaintiff must demonstrate the "irreducible constitutional minimum of standing:" (1) an injury in fact, (2) that is fairly traceable to the defendant's challenged conduct, and (3) that can be redressed by a judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).

## IV.    ARGUMENT

### A.    Plaintiff Lacks Article III Standing as He Cannot Show Injury-In-Fact.

Article III requires "an injury [to] be concrete, particularized, and actual or imminent." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). Article III standing cannot be predicated on "speculative" harm. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2 (1992). Moreover, "bare procedural violation[s], divorced from any concrete harm … [do] not suffice for Article III standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) (internal citation omitted).

Furthermore, "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id*. at 2214 (citation omitted). Courts in this Circuit have applied *TransUnion* to bar claims of alleged mislabeling based on alleged non-compliance with FDA standards.; *see also In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 66 (E.D.N.Y. 2021) (holding plaintiffs' lacked Article III standing based on "violations of [a] statute" yet did not allege any concrete injury); *Zevon v. Am. Express Co*., No. 1:20-cv-4938-GHW, 2021 WL 4330578, at *3 (S.D.N.Y. Sept. 22, 2021) (same); *accord In re: Coca-Cola Prods. Mktg. and Sales Pracs. Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("[Plaintiffs'] desire for

-9-

Coca-Cola to truthfully label its products, without more, is insufficient to demonstrate that they have suffered any particularized adverse effects."). Plaintiff's allegations of hypothetical harms, speculation as to the quantity of ingredients that might be present in the Cough Drops, and unsupported claims of non-compliance with FDA standards, are not sufficient to establish injury-in-fact as required under Article III.

Thus, courts routinely hold that "[t]hreadbare allegations that, had a plaintiff known about an alleged deficiency in a product, they would not have paid that price for said product, without more, is insufficient to find an injury-in-fact." *In re Plum Baby Food Litig.*, No. 1:21-cv-02417-NLH-SAK, 2022 WL 16552786, at *8 (D.N.J. Oct. 31, 2022) (citing *Estrada v. Johnson & Johnson*, No. 16-7492 (FLW), 2017 WL 2999026, at *15); *Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1280–81(C.D. Cal. 2016) (finding plaintiff's alleged overpayment did not establish standing because "a plaintiff must still plead facts sufficient to establish . . .injuries-in-fact"); *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269 (MSN/JFA), 2022 WL 10197651, at *10 (E.D. Va. Oct. 17, 2022) (finding plaintiffs did not have standing to sue "under a price premium theory of economic injury because Plaintiffs fail[ed] to allege any facts substantiating their conclusory allegations that would permit the court to determine the economic value of their alleged lost benefit without resorting to mere conjecture" (citing *Bloomberg Fin. L.P. v. UBS AG*, 358 F. Supp. 3d 261, 277 (S.D.N.Y. 2018))).

Here, Plaintiff's allegations are utterly insufficient to establish an injury-in-fact. Plaintiff claims that he assumed the Cough Drops were "stronger and more effective than other brands" because the front label did not bear a qualifying word such as "temporary." *See* Compl. ¶ 26. However, Plaintiff fails to articulate what he means by "stronger and more effective," nor does Plaintiff make any allegation about the actual effectiveness of the Cough Drops, whether in absolute terms or relative to other brands. The Complaint does *not* allege that the Cough Drops are actually less "strong" or less "effective" (whatever that may mean to Plaintiff) than other brands, nor does Plaintiff explain how – or even whether – he attempted any such brand comparison. In other words, the harms to which Plaintiff alludes are entirely speculative.

-10-

A plaintiff alleging harm based on payment of a price premium must set forth "facts regarding comparable or cheaper products" to show he, in fact, overpaid. *See Haggerty v. Bluetriton Brands, Inc*., No. 21-13904 (ZNQ) (DEA), 2022 WL 17733677, at *4 (D.N.J. Dec. 16, 2022) (finding plaintiff did not have a concrete injury sufficient to establish standing where plaintiff "merely claim[ed] that but for the Products' representations . . ., she would not have purchased the Products at their premium price"); *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833, at *2 (N.D. Cal. Mar. 24, 2021) (holding that plaintiff did not plead "sufficient facts to support a plausible economic injury" where plaintiff "conclusorily assert[ed] [defendant] sells its product at a 'premium'" considering "the pricing shown in the complaint and the context of the market").

Here, Plaintiff fails to allege anything beyond conclusory allegations that "the Product is sold at a premium price" due to the alleged misrepresentations. Compl. ¶ 14. He merely claims that he "paid more for the Product than he would have" or "would not have purchased" the Cough Drops altogether but for the misrepresentations. *Id.* ¶ 28. These are precisely the types of conclusory, threadbare statements which courts have repeatedly held are not sufficient to establish a price premium. *See, e.g.*, *In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*, 2022 WL 10197651, at *8 ("It is not enough to allege that a plaintiff would not have purchased the product but for a defendant's deception . . . ."); *Harris*, 2021 WL 2172833, at *2. For example, Plaintiff does not specifically allege that there are cheaper comparable Cough Drops or that cough drop products which have the qualities he desires are generally sold for the same price as the product he purchased. Likewise, Plaintiff has not alleged facts (nor can he) that the Cough Drops were advertised as superior to other throat lozenges. *See also Valiente v. Publix Super Mkts., Inc.*, No. 22-22930-CIV-Scola, 2023 WL 3620538, at *3 (S.D. Fla. May 24, 2023) (finding that plaintiff's conclusory allegations that cough drops were sold at a premium price due to purportedly misleading labeling, without more detail, is insufficient to allege an injury-in-fact).

In short, Plaintiff got what he paid for—cough drops that provide temporary relief of coughs or sore throats. Because Plaintiff received the full value of his purchase, he cannot establish

an economic injury sufficient to support Article III standing.

**B.      Plaintiff's State Law Claims Are Preempted by Federal Law.**

The FDCA, which governs OTC medications like cough drops, expressly preempts all state-law claims that impose requirements that are "different from," "in addition to," or "otherwise not identical" with federal labeling requirements for such products. 21 U.S.C. § 379r(a). Plaintiff seeks to do exactly what Congress forbids: enforce a new requirement that OTC cough drops must use the modifier "temporarily" on their front labels. The claims are thus preempted. *See Bowling v. Johnson & Johnson,* 65 F. Supp. 3d 371, 375 (S.D.N.Y. 2014) ("[P]reemption is certainly appropriate when a state law prohibits labeling that is permitted under federal law. But it is *also* appropriate when a state law prohibits labeling that is *not prohibited* under federal law.").

Plaintiff asserts that the Cough Drops' front label is required to bear a statement that the relief provided by the lozenges is "temporary". Compl. ¶ 4 (citing 21 C.F.R. § 341.74(b)(1)–(3)). But Plaintiff's claim is factually wrong and unsupported by the plain text of the regulations. FDA regulations specifically set forth the information that OTC drugs must bear on their "principal display panels"—here, the front label of the package. *See* 21 C.F.R. § 201 Subpart C (Labeling Requirements for Over-the-Counter Drugs); 21 C.F.R. § 201.60 (defining principal display panel). The regulations require that the front label contain:

(1) Statement of Identity: "the established name of the drug[] followed by an accurate statement of the general pharmacological category(ies) of the drug or the principal intended action(s) of the drug.[…] Such statements shall be placed in direct conjunction with the most prominent display of the proprietary name or designation and shall employ terms descriptive of general pharmacological category(ies) or principal intended action(s); for example, "antacid," "analgesic," "decongestant," "antihistaminic," etc." 21 C.F.R. § 201.61; and

(2) Net Quantity of Contents: a declaration of the net quantity of contents "expressed in the terms of weight, measure, numerical count, or a combination or numerical count and weight, measure, or size. The statement of quantity of drugs in tablet, capsule,

-12-

ampule, or other unit form and the quantity of devices shall be expressed in terms of numerical count[.]" 21 C.F.R. § 201.62.

The Cough Drops' label complies with both requirements. The front panel clearly states: "Menthol • Cough Suppressant/Oral Anesthetic" and "25 Drops." The regulations do not require anything further to be displayed on the principal display panel, and there is no requirement that the word "temporarily" must appear on the front label. *See generally* 21 C.F.R. § 201 Subpart C.

Plaintiff's suggestion that 21 C.F.R. § 341.74(b)(1)–(3) requires the Cough Drops' front label to bear a "Temporarily" modifier (Compl. ¶¶ 4–8) lacks any basis in the applicable regulatory framework. As explained above, FDA regulations only require a Statement of Identity and Net Quantity declaration to appear on the front label. The statements contained in 21 C.F.R. § 341.74(b)(1)–(3), by contrast, are to be listed under the "Indications" section of the labeling. *See* 21 C.F.R. § 341.74(b) ("The labeling of the product states, under the heading "Indications," any of the phrases listed in this paragraph (b) as appropriate.") The "Indications" heading refers to the statements that must appear in the "Use" or "Uses" section of the labeling (*see* 21 C.F.R. § 201.66(c)(4)) which, here, appear on the back label of the Cough Drops. As Plaintiff admits, the Cough Drops state on their back label, under the "Uses" section, that the product "temporarily relieves ▪cough due to a cold [and] ▪ occasional minor irritation or sore throat." Compl. ¶ 8; *see also* RJN Ex. A. The Cough Drops thus fully comply with the FDA regulations governing OTC antitussive drugs.

But even assuming *arguendo* that the Cough Drops' labeling did not comply with the FDA labeling regulations, it would not follow that the label is misleading to a reasonable consumer.[2] *See, e.g.*, *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104 (RA), 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021) ("The federal regulations cited by Plaintiffs are therefore insufficient to establish

---

[2] Notably, the FDCA does not provide for a private right of action. *See PDK Labs Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997). Nor may a plaintiff circumvent such a lack of a private right of action in one statute by bootstrapping allegations of its violations into claims pleaded under another statute that authorizes a private right of action. *See, e.g.*, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199 (2d Cir. 2005); *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001).

-13-

that, under New York law, a consumer is likely to be misled . . . ."); *accord Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) ("The point here is not conformity with this or that standard (which is left to the authorities to regulate) but whether the marketing presentation was deceptive."); *Twohig v. Shop-Rite Supermkts., Inc.*, 519 F. Supp. 3d 154, 164 (S.D.N.Y. 2021) (rejecting argument that alleged violation of labeling requirements provide proof of deception) ("There is no extrinsic evidence that the perceptions of ordinary consumers align with these various labeling standards.") (citation omitted).

This is particularly true for claims under New York's GBL §§ 349–50. *See, e.g.*, *Barreto v. Westbrae Nat., Inc*., 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021) ("[T]he conduct alleged to violate the FDA regulations [referring to alleged violations of 21 C.F.R. § 101.22(i)(1)(i)–(iii)] is not so inherently deceptive as to be misleading to a reasonable consumer under GBL §§ 349–50."); *Pichardo v. Only What You Need, Inc*., No. 20-CV-493 (VEC), 2020 WL 6323775, at *3 n.6 (S.D.N.Y. Oct. 27, 2020) (explaining whether the labeling of defendant's products violates FDA regulations does not determine whether it is misleading under GBL §§ 349–350); *Henry v. Campbell Soup Co.*, No. 22-CV-431 (LDH) (PK), 2023 WL 2734778, at *7 (E.D.N.Y. Mar. 31, 2023) (same); *Warren v. Whole Foods Mkt. Grp., Inc.,* 574 F. Supp. 3d 102, 113–14 (E.D.N.Y. 2021) (same); *Hawkins v. Coca-Cola Co.*, No. 21-CV-8788 (KMK),2023 WL 1821944, at *8 (S.D.N.Y. Feb. 7, 2023) (same). So, even if Plaintiff's allegation of an FDA regulatory violation were plausible, that alone is not enough to sustain a claim of consumer deception.

## C.     Plaintiff's Claims Fail Under the Reasonable Consumer Standard.

To state a claim for false advertising under GBL sections 349 and 350, a plaintiff must plausibly allege "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam) (citations omitted). The second element requires that the defendant's conduct be "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310–11 (S.D.N.Y. 2017) (citing *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland*

*Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)), *aff'd sub nom*. *Kommer v. Bayer Consumer Health, A Div. of Bayer AG*, 710 F. App'x 43 (2d Cir.  2018). Applying this standard, courts ask "whether a reasonable consumer, not the least sophisticated consumer, would be misled by Defendants' actions." *Weinstein v. eBay, Inc*., 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (dismissing GBL claim where plaintiff's theory of deception "attribute[ed] to consumers a level of stupidity that the Court cannot countenance") (internal quotations and citations omitted). In making this determination, courts recognize that "context is crucial." *George v. Starbucks Corp.,* 857 F. App'x 705, 707 (2d Cir. 2021) (quoting *Geffner v. Coca-Cola Co.*, 928 F. 3d 198, 200 (2d Cir. 2019))

"[C]ourts regularly determine, as a matter of law, that a defendant's conduct would not have misled a reasonable consumer. This determination may happen at the motion to dismiss stage, before any discovery is conducted." *Rodriguez v. Cheesecake Factory, Inc.*, No. 16-CV-2006 (JMA)(AKT), 2017 WL 6541439, at *5 (E.D.N.Y. Aug. 11, 2017) (dismissing GBL claims under the reasonable consumer standard); *see also Twohig*, 519 F. Supp. 3d at 160 (same); *Barreto*, 518 F. Supp. 3d at 802 (same); *Kommer*, 252 F. Supp. 3d at 311 (same); *Weinstein*, 819 F. Supp. 2d at 228 (same). And the Second Circuit routinely affirms such dismissals. *See, e.g.*, *George*, 857 F. App'x at 706; *Axon v. Fla.'s Nat. Growers, Inc.*, 813 F. App'x 701, 703 (2d Cir. 2020); *Geffner*, 928 F.3d at 200; *Excevarria v. Dr Pepper Snapple Grp., Inc.*, 764 F. App'x 108, 110 (2d Cir. 2019); *Manual v. Pepsi-Cola Co.*, 763 F. App'x 108, 109–10 (2d Cir. 2019); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.").

Here, a reasonable consumer would not be misled by the Cough Drops' label. To start, the challenged statements are entirely truthful. As advertised*,* the Cough Drops contain menthol, an FDA-approved oral anesthetic and antitussive drug (cough relief). *See* 21 C.F.R. §§ 346.16(c), 341.14(b)(2). Therefore, the label statement "Relieves Coughs & Soothes Sore Throats" accurately describes the effect of the product. Courts will not accept a plaintiff's post hoc and unreasonable interpretation of otherwise truthful and accurate labels. *See Yu v. Dreyer's Grand Ice Cream, Inc.*,

-15-

592 F. Supp. 3d 146, 158–59 (S.D.N.Y. 2022) ("real" cocoa was true statement that would not mislead reasonable consumer because it did not suggest the exclusion of other ingredients or processing); *Sabatano v. Iovate Health Scis. U.S.A. Inc.*, No. 19 CV 8924 (VB), 2020 WL 3415252, at *4 (S.D.N.Y. June 22, 2020) (reasonable consumers do not make unreasonable inferences about otherwise truthful labels). *See Sarr v. BEF Foods, Inc.,* No. 18-cv-6409 (ARR) (RLM)*, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020) ("Real . . . Butter" was not misleading because the product contained real butter, and a reasonable consumer would not assume there were no additional fats); *Reyes v. Crystal Farms Refrigerated Distrib. Co*., No. 18-CV-2250 (NGG) (RML), 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (same).

Moreover, Plaintiff's allegations regarding the duration of relief provided by the Cough Drops are implausible. Plaintiff claims that, without the modifier "Temporarily" in front of "Relieves Cough," he was led to believe that the Cough Drops were "stronger and more effective than other brands."[3] Compl. ¶ 26. In other words, Plaintiff believed that the relief offered by the Cough Drops was ***non-temporary***. But common sense renders Plaintiff's interpretation utterly unreasonable and implausible. *See Weinstein*, 819 F. Supp. 2d at 228 ("*Iqbal* directs the Court to apply its common sense when determining the plausibility of a claim . . . ."); *Sabatano*, 2020 WL 3415252, at *4  (reasonable consumers do not make unreasonable inferences about otherwise truthful labels); *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 495, 501 (2d Cir. 2020) (affirming dismissal of lower court finding that a reasonable consumer purchasing an Angus Steak & Egg Breakfast Sandwich for $4 from Dunkin' Donuts would not be misled into thinking she was purchasing an intact steak); *see also Brady v. Bayer Corp*., 26 Cal. App. 5th 1156, 1165 (2018) ("If a claim of misleading labeling runs counter to *ordinary common sense or the obvious nature of the product*, the claim is fit for disposition at the [motion to dismiss] stage of the litigation.")

---

[3] Plaintiff is notably mistaken that other cough drop products "universally" include a "temporarily" modifier on their front labels. Compl. ¶ 9. For example, Ricola brand Honey Lemon lozenges state "Soothes Throat + Relieves Cough" on their front label, and Olbas brand lozenges state "Fights Coughs" on their front label without any "temporarily" modifier. *See* RJN Ex. B - C (label images); *see also* https://www.walgreens.com/store/c/ricola-max-honey-lemon,-family/ID=300434007-product and https://www.walmart.com/ip/Olbas-Sugar-Free-Lozenges/26968701.

162996104.3

(emphasis added). Applying ordinary common sense as required, no reasonable consumer would expect an OTC cough drop to *permanently* relieve a cough or completely cure a sore throat, regardless of whether the word "temporarily" appears on the front label, because consumers are familiar with the well-known effects of lozenges. Plaintiff's claim that reasonable consumers believe otherwise strains credulity.

In any event, courts routinely dismiss claims of consumer deception where clarifying language on the back of the product label discredits plaintiff's theory of deception. *See Melendez v. ONE Brands, LLC*, No. 18-CV-06650 (CBA) (SJB), 2020 WL 1283793, at *7 (E.D.N.Y. Mar. 16, 2020) ("[A]ny potential ambiguity created by the front label regarding the bars' carbohydrate and caloric contents is readily clarified by the back panel of the bars' packaging, which lists the amount of carbohydrates and calories in each bar."); *Warren*, 574 F. Supp. 3d at 113–14 (granting motion to dismiss where back panel clarified product's sugar content); *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 96 (S.D.N.Y. 2021) (dismissing GBL claim where theory of deception is discredited by the ingredient list); *Jessani v.Monini N. Am., Inc.*, 744 F. App'x 18, 19–20 (2d Cir. 2018) (affirming dismissal of complaint where lack of truffle on list of ingredients, in combination with other contextual cues, including a label describing the product as only "Truffle Flavored," would lead a reasonable consumer to know truffles was not the source of the flavor). Here, the back label conclusively discredits Plaintiff's theory of deception. Under the header "Uses," the product label describes the Cough Drops as follows: "temporarily relieves: []cough due to a cold [and] occasional minor irritation or sore throat."  *See* RJN, Ex. A. Further, the directions on the back label instruct consumers to take a Cough Drop "every 2 hours as needed," which immediately alerts reasonable consumers to the temporary effect of the relief. So, if it were not abundantly clear that the Cough Drops were not permanently curative based on either commonsense knowledge about cough drops or by the true statements on the front label, the back label would undoubtedly resolve any possible confusion. There is simply nothing deceptive about the language and imagery featured on the Cough Drops' label.

-17-

### D. Plaintiff's Warranty Claim Also Fails.

Plaintiff's failure to allege any plausible theory of deception also dooms Plaintiff's claim for breach of express warranty—which requires a showing of deception. *See, e.g.*, *Twohig*, 519 F. Supp. 3d at 165 (dismissing claims for breach of express and implied warranty, negligent misrepresentation, fraud, and unjust enrichment because plaintiffs "failed to allege that the Product's labeling would be likely to deceive or mislead a reasonable consumer"); *see also Wallace v. Wise Foods Inc.*, No. 20-CV-6831 (JPO), 2021 WL 3163599, at *3 (S.D.N.Y. July 26, 2021) ("Because the Court has already determined that the chips' labeling is unlikely to deceive or mislead a reasonable consumer, these causes of actions are also dismissed for the reasons already stated."). *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-CV-0704 (LEK/DEP), 2018 WL 1870474, at *11 (N.D.N.Y. Apr. 17, 2018) (where alleged misrepresentations or omissions "are insufficient as a matter of law to mislead a reasonable consumer, they cannot be relied upon . . . as grounds for asserting a breach of express warranty"). Because the Cough Drops would not deceive a reasonable consumer, and all of Plaintiff's claims hinge on his implausible theory of deception, all of Plaintiff's claims must be dismissed.

Plaintiff's express warranty claims also fail because he did not provide Mondelēz with notice of the alleged breach before filing suit. Under New York law, a plaintiff must give notice of the breach to the seller in order to proceed beyond the pleading stage on an express warranty claim. See N.Y. U.C.C. Law § 2-607(3)(a) (McKinney) ("[B]uyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach . . . ."). The notice requirement applies to consumer fraud actions such as this one. *See, e.g., Bynum v. Fam. Dollar Stores, Inc.*, 592 F. Supp. 3d 304, 314–15 (S.D.N.Y. 2022) (dismissing express warranty claim for lack of notice). Plaintiff's vague allegation that he "provided or provides notice to Defendant," or that "defendant received notice . . . due to complaints by consumers and third-parties" is inadequate. Compl. ¶¶ 49–50. *See, e.g., Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 589 (S.D.N.Y. 2021) (dismissing express warranty claim with prejudice based on similar conclusory and non-specific notice allegations).

**E.     Plaintiff's Claims Should be Dismissed with Prejudice.**

Courts may dismiss claims with prejudice where amendment would be futile. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (holding that the "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"). This Court should dismiss Plaintiff's claims with prejudice because Plaintiff was already provided with an opportunity to amend after reviewing Defendant's pre-motion conference letter, which previewed the very arguments set forth herein, which compel dismissal. Plaintiff failed to address the deficiencies but nonetheless proceeded to file the operative amended complaint.

Setting aside this specific matter, Plaintiff's counsel, Spencer Sheehan, Esq. of Sheehan & Associates, P.C., has filed approximately ***316*** actions since 2021, at least 18 of which were filed in this District, and virtually *all* of which are class action lawsuits alleging that the packaging on a consumer product is false and misleading.[4] Of those cases filed in this District, not a single one has survived a motion to dismiss. *See, e.g.*, *Lumbra v. Suja Life, LLC*, No. 1:22-CV-893 (MAD/DJS), 2023 WL 3687425, at *1 (N.D.N.Y. May 26, 2023) (granting the defendant's motion to dismiss class action complaint for failing to state a claim that the labeling on Suja Organic Juice falsely represents that it is "cold-pressed"); *Greco v. TikTok, Inc*., No. 5:22-cv-916 (BKS/ML), 2023 WL 3092861 (N.D.N.Y. Apr. 26, 2023) (granting the defendant's motion to dismiss class action complaint for lack of subject-matter jurisdiction). As the Honorable Frederick J. Scullin, Jr. recently noted, Mr. Sheehan "repeatedly files class action lawsuits primarily pertaining to allegedly false labeling on consumer products—including causes of action for violations of GBL §§ 349 and 350 [and] breach of express and implied warranties . . .—that plainly do not meet the pleading requirements for such claims on their faces. Nonetheless, Mr. Sheehan continues to file these frivolous actions in violation of Rule 11(b)(2) of the Federal Rules of Civil Procedure."

---

[4] *See* RJN, Ex. D - *Matthews v. Polar Corp*, No. 1:22-cv-00649 (N.D. Ill. Apr. 14, 2023) Response to Court Order [Docket No. 38] (filing by Mr. Sheehan identifying all consumer fraud cases that he has filed in any federal court since January 1, 2020, including whether the complaint survived a motion to dismiss).

*Brownell v. Starbucks Coffee Co*., No. 5:22-CV-1199 (FJS/ATB), 2023 WL 4489494, at *8 (N.D.N.Y. July 12, 2023) (F. Scullin Jr.) (issuing order to show cause why Mr. Sheehan has not violated Rule 11(b)(2) and, if the court finds that a violation has occurred, why the court should not impose sanctions against him). Mr. Sheehan's theory here, as explained above, is similarly unreasonable and frivolous. The Court should therefore dismiss Plaintiff's claims with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Mondelēz respectfully requests that this Court dismiss the Complaint in its entirety and with prejudice.

Dated: July 21, 2023                          Respectfully submitted,

PERKINS COIE LLP

By: */s/ Adam R. Mandelsberg*
    Adam R. Mandelsberg, Bar No. 5237631
    AMandelsberg@perkinscoie.com
    1155 Avenue of the Americas, 22nd Fl.
    Tel: (212) 261-6867
    Fax: (212) 399-8067

    Jasmine W. Wetherell (pro hac vice forthcoming)
    JWetherell@perkinscoie.com
    1888 Century Park East, Suite 1700
    Los Angeles, California 90067-1721
    Tel: (310) 788-9900
    Fax: (310) 788-3399

    Thomas J. Tobin, Bar No. 5487319
    TTobin@perkinscoie.com
    1201 Third Ave., Ste. 4900
    Tel: (206) 359-8000
    Fax: (206) 359-9000

    *Attorneys for Defendant Mondelēz Global LLC*

162996104.3